YOUNGER, Respondent, v. ROSENOW PAPER & SUPPLY COMPANY, INC., Appellant.

*No. 338. Argued April 3, 1974.—Decided May 20, 1974.*
(Also reported in 217 N. W. 2d 841.)

" . . .

For the appellant there was a brief by *Di Renzo, Bomier & Snyder,* attorneys, and *Jeffrey F. Snyder* of counsel, all of Neenah, and oral argument by *Jeffrey F. Snyder.*

For the respondent there was a brief by *Jerome H. Block* and *Jerome H. Block Law Offices* of Appleton,

attorneys, and *F. David Krizenesky* of Menasha, of counsel, and oral argument by *Mr. Krizenesky.*

BEILFUSS, J. Several issues have been raised by the appellant Rosenow upon appeal. They are as follows:

1. Were statements made by the secretary-director of the corporation to the employee-claimant exceptions to the hearsay rule as declarations against interest?

2. Did the defendant corporation waive the protection of the dead man's statute by offering the testimony of a wife of a deceased husband-president of the corporation who stated she gained her knowledge of the disputed corporate resolution from conversations with her husband?

3. Were letters written by the president of the corporation (now deceased) to a prospective purchaser of the corporation concerning the disputed resolution and stock option or bonus plan admissible against the interest of the employee-claimant as an exception to the hearsay rule?

4. Was the argument of plaintiff's counsel to the jury improper and prejudicial?

5. Did the court err in the instructions given to the jury?

The resolution, *supra,* does not clearly set forth the position of the plaintiff Younger that he was entitled to take his bonus in cash at any time; nor does it contain the limitations claimed by the defendant Rosenow Company that it was a stock purchase plan which could only be exercised as a stock purchase and only if and when the plaintiff had accumulated bonus credits of $25,000.

At the time Younger left the Rosenow Company, Kosloske no longer had any connection with it. He had moved to Florida and was not present at the trial.

To support his claim Younger testified that he had conversation with Kosloske concerning his desire for increased compensation and that Kosloske, immediately

after the November 30, 1956, directors' meeting, told him that the board of directors had passed the resolution. Upon inquiry by Younger, Kosloske told him he was going to get a share of the profits and that he could take it out in cash or allow it to accumulate. Kosloske urged Younger to leave the money in the corporation to improve its cash position. This testimony by Younger of the substance of these conversations was objected to, really, on three grounds—hearsay, no showing of authority on the part of Kosloske to bind the corporation, and violation of the parol evidence rule.

The trial court correctly ruled that this court had held in the prior appeal that the resolution was ambiguous and that extrinsic evidence could be received to determine the full meaning of the resolution and that the parol evidence rule did not apply.

From the testimony, the offer of proof by Younger's attorney, and the concession or stipulation by Rosenow's attorney, the trial court found that Kosloske was not a coemployee but a stockholder, an officer and a director; that he had participated in the November 30, 1956, directors' meeting when the questioned resolution was adopted (the resolution bears the signature of Kosloske), and that he had authority to speak for the corporation as to what was intended by the resolution. The trial court further ruled that statements made to Younger by Kosloske were declarations against interest by an authorized agent and as such admissible in evidence as an exception to the hearsay rule. We think the trial court was correct in that ruling.[1]

After the commencement of the action but prior to trial, Henry Rosenow, the president of the company, died. At the trial, as a part of Rosenow Company's defense,

[1] *Dillenberg v. Carroll* (1951), 259 Wis. 417, 422, 49 N. W. 2d 444; *Meyer v. Mutual Service Casualty Ins. Co.* (1961), 13 Wis. 2d 156, 163, 108 N. W. 2d 278.

Mrs. Lucille Rosenow, his widow, testified. She was a stockholder, officer and director on November 30, 1956, and attended the directors' meeting when the questioned resolution was adopted. She testified that under the resolution Younger was to get "[a] certain percentage until it got to a certain amount" and that the amount was "[t]wenty-five thousand, I think," and that he was to "[r]eceive stock in the company." On cross-examination she testified that she had very little recollection of the meeting and that her knowledge of the limitations of the plan came from conversations with her husband. When the attorney for Younger tried to pursue the extent of her knowledge and her conversations with her husband, counsel for Rosenow Company objected upon the ground that it called for a conversation with a deceased person which was prohibited under the dead man's statute.[2]

The trial court ruled that when the Rosenow Company presented Mrs. Rosenow as a witness on its behalf to testify as to the limitations of the plan based upon Mrs. Rosenow's recollections of her conversations with her now deceased husband, Rosenow Company waived the protection of the statute. The trial court ruled that not only could Younger cross-examine Mrs. Rosenow as to her conversations with Henry Rosenow but that Younger could testify as to his conversations with Rosenow concerning the plan. We believe this ruling to be a correct interpretation of the statute.

When Younger was recalled he testified that Rosenow was present when Kosloske explained the resolution to him in 1956. Younger testified that Kosloske and Rosenow, in his presence, discussed a forfeiture but decided a forfeiture clause would provide very little incentive for Younger and that it was not to be used. However, Rosenow urged Younger to leave his bonus in the company.

[2] *See* sec. 885.16, Stats.

Consistent with Younger's position that he could withdraw his bonus in cash, he did withdraw $100 in cash without objection shortly before he terminated his employment.

After the commencement of the action and after issue was joined by answer verified by Henry Rosenow on behalf of the corporation, the corporation was sold outright to Louis J. Tenore. Mr. Tenore was the sole owner of the defendant Rosenow Paper & Supply Company, Inc., at the time of the trial. At the trial Tenore was called as a witness and attempted to introduce two letters written by Henry Rosenow to Tenore sometime in 1968 concerning the liability of the corporation to Younger because of the bonus or stock purchase plan. These letters, in substance, stated there was no liability to Younger because his bonus credit accumulations had not reached $25,000.

The defendant contends these declarations by the decedent made to a third party are admissible as extrinsic evidence to resolve the ambiguity.

The letters were written some twelve years after the resolution was passed. They were not written with the consent or even the knowledge of Younger. They were self-serving declarations in that Rosenow was negotiating to sell the corporation to Tenore. The trial court correctly sustained the objection that the letters were hearsay and not admissible as an exception of that rule.

The defendant argues that on four separate occasions during the argument to the jury Younger's counsel made improper arguments in that counsel was stating his personal opinion and stating facts not in the evidence. In each instance the court sustained the objection and admonished the jury that it was to draw the inference from the testimony before it. The defendant contends that these arguments were prejudicial and that this court should exercise its discretion and order a new trial under

sec. 251.09, Stats. We are of the opinion that the trial court correctly ruled upon the objections and properly admonished the jury. We do not believe, from our examination of the entire record, that the improper argument was of such moment that it had any substantial effect upon the jury. In any event, it cannot be said that there has been a miscarriage of justice and that the defendant would have probably prevailed in the absence of the objectionable argument. This is the standard we apply when asked to reverse in the interest of justice under sec. 251.09.[3]

At the time that the case was submitted to the jury and the jury had retired to begin its deliberations, the defendant's counsel advised the court that he was going to leave the courtroom and waived any appearance if further instructions were requested. The jury did request further instructions as to the meaning of the word "stock." The court instructed the jury to the effect that a stock purchase plan as used in the resolution need not necessarily refer to stock. This court had held the resolution was ambiguous and that extrinsic evidence could be used to explain the terms. Because the jury was required to resolve this ambiguity in view of the evidence in this record we do not find the instruction to be erroneous. In any event, counsel specifically waived his presence and right to objection and cannot now be heard to complain.

The plaintiff-respondent Younger, through his counsel, has moved that this court summarily affirm the judgment without opinion because of the appellant-defendant's failure to provide an adequate appendix as provided in sec. 251.34 (5), Stats. He also asks for the imposition of double costs. The appendix of the appellant was not in compliance with sec. 251.34 (5) and necessitated an extensive supplemental appendix by the respondent. It is

---

[3] *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 154 N. W. 2d 237.

apparent we have not granted that part of the motion which asks for summary affirmance without opinion; however, because the appellant's appendix is wholly inadequate and the respondent furnished an extensive supplemental appendix, he should be awarded double costs for printing the supplemental appendix.

*By the Court.*—Judgment affirmed with costs as provided in the opinion.